IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SAVITAMAGAN, LLC,                )
d/b/a ECONOLODGE OF PILOT        )
MOUNTAIN,                        )
                                 )
            Plaintiff,           )
                                 )      1:16CV328
     v.                          )
                                 )
SENECA INSURANCE COMPANY,        )
INC.,                            )
                                 )
            Defendant.           )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before the court is a Motion to Remand filed by Plaintiff Savitamagan, LLC ("Plaintiff"). (Doc. 7.) Defendant Seneca Insurance Company, Inc., ("Defendant") has responded, (Doc. 9), and Plaintiff has replied (Doc. 11). This matter is now ripe for resolution, and for the reasons stated herein, Plaintiff's Motion to Remand will be denied.

## I. BACKGROUND

This case arises out of an insurance dispute relating to Defendant's denial of an insurance claim filed by Plaintiff on March 20, 2015. The facts of the case itself are not directly relevant to this motion and will be discussed only briefly. Plaintiff purchased the Econolodge of Pilot Mountain in January

of 2015. (Complaint ("Compl.") (Doc. 4) ¶ 7.) Plaintiff contends the hotel was in good condition at the time of purchase, as well as at the time that Defendant issued a special forms insurance policy to Plaintiff for the hotel. (Id. ¶¶ 28-33.) In February and March of 2015, a snowstorm and heavy rain damaged the roof of a section of the hotel, causing severe water damage. (Id. ¶¶ 37-38.) As a result, Plaintiff filed an insurance claim with Defendant, and that claim was denied on September 16, 2015. (Id. ¶ 85.)

Plaintiff filed a Complaint in Surry County Superior Court on February 16, 2016. (Compl. (Doc. 4).) Defendant was served on March 17, 2016, via the Commissioner of Insurance. (Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand to State Court ("Def.'s Resp.") (Doc. 9) at 1.) Counsel for Plaintiff apparently emailed a copy of the Complaint to counsel for Defendant on March 2, 2016, along with an inquiry about whether counsel for Defendant was authorized to accept service. (Pl.'s Mot. to Remand, Ex. A (Doc. 7-1).) It does not appear that inquiry was ever answered, although Defendant's counsel acknowledged receipt of the Complaint. (Id.) However, in a later email chain, a paralegal for Defendant's counsel asserts that Defendant was served through the Commissioner of Insurance on March 17, 2016. (See Def.'s Resp., Ex. A (Doc. 9-1) at 1.)

- 2 -

## II. ANALYSIS

Under 28 U.S.C. § 1441(b), a party may remove an action to federal court if the requirements for diversity jurisdiction, codified in 28 U.S.C. § 1332(a), are met. The removing party must file a notice of removal within 30 days of:

> the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The issue in this case revolves around the meaning of the words "or otherwise" in the phrase "receipt by the defendant, through service or otherwise," and whether or not the 30-day clock for removal began to run upon receipt of the Complaint by Defendant's counsel via email on March 2, 2016, or when Defendant was formally served on March 17, 2016.[1]

---

[1] This court notes that Defendant is correct that Plaintiff's motion, which lacked an accompanying brief, was filed in violation of Local Rule 7.3. While it is true that this court has the discretion under Local Rule 7.3(k) to summarily deny the motion on that basis, because Plaintiff's motion fails on its own merits, this court will not strike this motion. However, Plaintiff is cautioned that failure to follow the Local Rules may result in action from this court.

Plaintiff contends that the case must be remanded back to state court because Defendant's notice of removal, which was filed on April 14, 2016, (see Petition for Removal (Doc. 1)), was filed more than 30 days after they sent Plaintiff a copy of the Complaint. Plaintiff's argument is without merit as it runs counter to established Supreme Court precedent.

Plaintiff's argument was foreclosed by the Supreme Court in Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). In that case, the Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 347 (emphasis added). This holding has been applied in this district in Hill v. Equifax, No. 1:11CV107, 2011 WL 1675045 (M.D.N.C. May 3, 2011). Plaintiff, in its reply brief (Doc. 11) offers no argument or case suggesting Murphy Bros. is distinguishable or no longer applicable. Plaintiff did not formally serve Defendant until March 17, 2016, and Defendant filed a notice of removal on April 14, 2016. As such, this court finds Defendant's notice of removal was timely, and Plaintiff's motion to remand should be denied.

- 4 -

**III. CONCLUSION**

For the reasons stated herein, Plaintiff's Motion to Remand (Doc. 7) is **DENIED**.

This the 8th day of August, 2016.

_____
         United States District Judge

- 5 -

Case 1:16-cv-00328-WO-LPA   Document 16   Filed 08/08/16   Page 5 of 5